■ ELLA KILCOIN et al., Appellants, v. SUNNY COUNTRYMAN, Respondent.— The plaintiffs-appellants appeal from (1) a judgment dismissing the plaintiffs-appellants' complaint in the Supreme Court, Sullivan County, New York, for failure to prosecute, such dismissal being made by Mr. Justice BOOKSTEIN; (2) an order made by the Surrogate of Sullivan County overruling a special appearance contesting the jurisdiction of the Surrogate's Court, and (3) a decree of the Surrogate of Sullivan County dismissing objections to the probate of certain wills made by the decedent, Chauncey Countryman, and admitting a certain will allegedly made by the said Chauncey Countryman to probate. While the record is somewhat barren of the usual papers and proceedings on appeal, considerable additional information has been furnished by the attorney for the appellants by way of letters, affidavits and minutes of proceedings at Special Term in Monticello on the 16th-20th of October, 1958. We conclude that under the unusual circumstances the order of Mr. Justice BOOKSTEIN, dated October 29, 1958, was proper and entirely within his discretion. The matter had been brought before him on a prior occasion and he was thoroughly familiar with the merits of the action and any other aspects of the controversy. We are also asked to consider the order of the Surrogate of Sullivan County dated the 5th of November, 1958. Peculiar to this case there is no record as to the proceedings before the Surrogate but an examination of the order discloses a determination that appellants herein failed to participate in the trial in that court and having in mind the proceedings in Supreme Court, there appears to be reason for the exercise of the Surrogate's discretion and justification for his dismissal on the merits. Orders unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ. [14Misc 2d 528.]

■ In the Matter of the Claim of FRANCIS PHILLIP, Appellant, against C AND M AUTO SPRING Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board. On May 9, 1952 the claimant injured his back while inserting a spring in a truck in the course of his work for the respondent employer. He did not work again until August 12, 1952 when he began work at a job in South Carolina. A hearing was held on October 24, 1952 at which time the Referee made an award for total disability from May 9 to August 12 and for reduced earnings from August 12 to the date of the hearing and closed the case without prejudice. The claimant thereafter was treated by various doctors in South and North Carolina and finally in Virginia in 1955 by a Dr. Kinser. Dr. Kinser reported that on the basis of the history given him the claimant's condition was due to the 1952 accident. On the basis of this report the case was reopened and a hearing held in Virginia. Thereafter the Referee found a continuing causally related disability and made an award for reduced earnings. The board rescinded this award and made a finding of no further causally related disability. The only medical testimony in the record is that of Dr. Kinser. While his report, on which the reopening was based, indicated causal relationship, he testified at the hearing that he could not see how the injury described to him could have caused the condition which the claimant had three years later and that it was impossible for him to say that there was a causal connection. This testimony and the record as a whole created a question of fact and the board's determination of no further causally related disability should not be disturbed. Decision unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.